[Cite as *In re T.W.*, 2014-Ohio-5753.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

IN THE MATTER OF:               :

    T.W., et al.               :               CASE NO.   CA2014-07-100

                   :               O P I N I O N
                       12/30/2014

                   :

                   :


APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 13D-000048


Andrea G. Ostrowski, 25 East Central Avenue, Suite 4, Springboro, Ohio 45066, guardian ad litem-CASA

Nathan D. Meeks, 6730 Roosevelt Blvd., Suite 410, Middletown, Ohio 45005, for appellant

David P. Fornshell, Warren County Prosecuting Attorney, Michael Greer, 500 Justice Drive, Lebanon, Ohio 45036, for appellee


    **RINGLAND, J.**

    {¶ 1}   Appellant, the mother of T.W. and E.P, appeals a decision of the Warren County Juvenile Court granting permanent custody of the children to a children services agency.

    {¶ 2}   Warren County Children Services Board filed a complaint on September 25, 2013, alleging T.W. and E.P. were dependent children.  The complaint indicated that the

mother and children were living in a home with sanitation and safety issues and that the mother, who had a history with the agency, admitted she was unable to care for the children. The complaint stated that the agency was seeking temporary custody of the children.

{¶ 3} A few days later, a CASA/GAL was appointed on behalf of the children. On November 20, 2013, the CASA filed a motion requesting that court grant a dispositional order placing the children in the permanent custody of the agency. The motion indicated that the mother, a drug abuser, had continuously and repeatedly failed to remedy the conditions that led to the removal of the children. The mother also had previously lost custody of another child, a second child died, and the current case was the third case within four years involving T.W. The CASA's motion indicated the mother's current case plan required the same services from the previous cases and despite these services, the mother has not changed her behavior.

{¶ 4} The motion also stated that the children could not be placed with their father. The father's parental rights had previously been terminated to a sibling of the children, and he is a sexual offender who violated the terms of his parole, placing himself at risk of incarceration. The CASA's motion indicated that the parents' past history was an indicator of their future behavior and it was in the children's best interest to be placed in the permanent custody of the agency.

{¶ 5} On November 26, 2013, the court held an adjudicatory hearing. After considering the evidence, the court adjudicated the children dependent. Subsequently, on February 24, 2014, the agency filed a motion requesting permanent custody of the children. The motion indicated that permanent custody was in the best interest of the children because the parents had failed continuously and repeatedly to remedy the problems that led to the removal of the children.

{¶ 6} On the first day of the dispositional hearing, the CASA withdrew her motion for

permanent custody and the court allowed an amendment to the agency's motion for permanent custody. Counsel for appellant objected to the court considering permanent custody as a dispositional option. The court overruled appellant's objections and after a hearing that occurred over several dates, granted permanent custody of the children to the agency in a decision issued on June 24, 2014.

{¶ 7} Appellant now appeals the juvenile court's decision to grant permanent custody of her children to the agency. She raises the following sole assignment of error for our review:

{¶ 8} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN OVERRULING HER MOTION FOR DISMISSAL OF MOTIONS FOR PERMANENT CUSTODY.

{¶ 9} In her assignment of error, appellant argues that the trial court erred in overruling her motion to dismiss the CASA and agency's motions for permanent custody. As mentioned above, the agency filed a motion for permanent custody after the adjudication. This motion indicated that the agency was seeking permanent custody pursuant to R.C. 2151.415(A)(4). Three days prior to the hearing, the CASA filed a motion to withdraw her motion for permanent custody. The CASA indicated her motion was unnecessary because the agency had also requested permanent custody.

{¶ 10} At the start of the dispositional hearing, appellant's counsel asked the court to dismiss the agency's motion on the basis that R.C. 2151.415 refers to a motion for permanent custody filed by an agency after a dispositional order has been issued by the court. The attorney argued that because the case was at the dispositional stage, and the complaint did not request permanent custody, the issue of permanent custody was not properly before the court.

{¶ 11} In response, the agency moved to amend its motion for permanent custody to

include a reference to R.C. 2151.353, the statute which allows an agency to request permanent custody as an original dispositional order. The agency indicated that the same best interest factors apply to consideration of the case under either statute, and that there was no issue regarding due process or lack of notice because everyone was served with the motion, and there had been two pretrial hearings on the issue. In addition, counsel stated that the CASA had also filed a motion for permanent custody prior to adjudication which referenced R.C. 2151.353. Counsel for the agency indicated that although the complaint did not request permanent custody, both motions requested permanent custody and everyone was on notice by the filing of the motions.

{¶ 12} In response, appellant's counsel argued that the CASA does not have standing to file a motion for permanent custody. He also argued the agency's motion was filed post-adjudication and there was no issue with regard to permanent custody at the time of adjudication. He again argued that the issue of permanent custody was not properly before the court.

{¶ 13} The trial court overruled appellant's oral motion to dismiss the agency's request for permanent custody. In addition, the court granted the agency's request to amend its request to include a reference R.C. 2151.353. In its decision, the trial court indicated that the CASA's motion for permanent custody was orally withdrawn at the hearing.[1]

{¶ 14} Appellant argues on appeal that it was error to allow the complaint to be amended based on Civ.R. 15(A) and based on the interests of justice. She also argues that Juv.R.22 allows amendment of a complaint prior to adjudication and the amendment here

---

1. Although appellant refers to the trial court's decision to deny her request to dismiss the "motions" for permanent custody, her argument on appeal does not address the CASA's motion, or the authority of a CASA to file a pre-dispositional motion for permanent custody. Because the court indicated the CASA's motion was withdrawn, and because the court specifically stated in its decision that it was granting the agency's motion for permanent custody, we do not address the issue of whether a court may grant a pre-dispositional motion for permanent custody filed by a CASA.

was done orally at the start of the hearing. In response, the agency argues that R.C. 2151.413 allows an agency to file a motion seeking permanent custody of a child in its temporary custody, and "[a]s noted by the juvenile court, neither statute nor case law requires a party in a dependency, neglect and abuse case to plead permanent custody as a prayer for relief."

{¶ 15} We begin our consideration of this case with a review of the relevant statutory provisions. R.C. 2151.27 permits a person with knowledge to file a complaint alleging a child is dependent, neglected or abused. Once a complaint has been filed, the statutory scheme provides for separate adjudicatory and dispositional hearings. See R.C. 2151.35(B)(1); Juv.R. 34(A); *In re Baby Girl Baxter*, 17 Ohio St.3d 229 (1985). Once a child is adjudicated abused, neglected or dependent, R.C. 2151.353 allows the trial court to make various dispositional orders, including an award of temporary or permanent custody to a public children services agency.

{¶ 16} In addition, once a child is adjudicated abused, neglected or dependent, and has been placed in the temporary custody of a children services agency at a dispositional hearing, R.C. 2151.413 permits a motion for permanent custody to be filed after the dispositional hearing. *See also* R.C. 2151.353(B) (providing the court may grant permanent custody in accordance with 2151.414 after it has granted temporary custody to the agency at a dispositional hearing). Therefore, there are two means by which a children services agency can obtain permanent custody of an abused, neglected or dependent child. *In re W.R. II*, Fayette No. CA2011-08-016, 2012-Ohio-382, ¶ 29. The agency may seek permanent custody as part of the original disposition after the child has been adjudicated abused neglected or dependent, or, after first obtaining temporary custody, the agency may file a motion and seek permanent custody at a post-dispositional hearing. *Id.*

{¶ 17} In this case, because permanent custody was sought as part of the initial

disposition, the standards provided in R.C. 2151.353 apply. According to this section, permanent custody cannot be granted as an original disposition unless the complaint alleging abuse, neglect or dependency requests a disposition of permanent custody and certain notices are included in the complaint. R.C. 2151.353(B); See also *In re Samples*, Jefferson App. No. 05 JE 39, 2006-Ohio-1056, ¶ 64. Likewise, R.C. 2151.27 states that "[i]f a complainant in a case in which a child is alleged to be an abused, neglected or dependent child desires permanent custody * * * the complaint shall contain a prayer specifically requesting permanent custody * * *." Because the original complaint filed in this case requested temporary custody, we must determine whether the complaint was properly amended.

**{¶ 18}** Juv.R. 22 provides that a complaint may be amended "at any time prior to the adjudicatory hearing" and afterward, "on agreement of the parties" or "if the interests of justice require, upon order of the court." Juv.R. 22(B). As mentioned above, the CASA filed a request for a disposition of permanent custody prior to the adjudication. The agency filed its request for permanent custody after the adjudicatory hearing, but a month prior to disposition. Because the agency's motion stated it was seeking permanent custody pursuant to R.C. 2151.415(A)(4), which refers to a request for permanent custody after disposition, the agency sought to amend its motion to indicate a reference to R.C. 2151.353, the statutory provision addressing an original disposition. The trial court allowed the amendment, which in essence, allowed an amendment to the complaint.

**{¶ 19}** After considering the specific facts of this case, we find no error in the trial court's decision to overrule appellant's oral motions to dismiss the request for permanent custody. Parents in permanent custody actions "must be afforded every procedural and substantive protection the law allows." *In re Hayes*, 79 Ohio St.3d 46, 48 (1997). However, courts must liberally construe and interpret the sections of R.C. Chapter 2151, "so as to

- 6 -

provide for the care and protection of children and their constitutional and legal rights." *In re Shumate*, 5th Dist. Muskingum Nos. CT2002-0051, -0052, -0053, 2003-Ohio-2509, quoting *In re Baby Boy Blackshear*, 90 Ohio St.3d 197 (2000), fn. 2.

{¶ 20} R.C. 2151.27(C) and 2151.353(B) require a complaint to request permanent custody and for the summons to include certain notices to the parent. These notices include a statement that permanent custody permanently divests parents of their parental rights, that they have a right to be represented by counsel and a right to have counsel appointed if they are indigent. See R.C. 2151.353(B). The purpose of these notifications is to provide procedural protection to the parents. See *In re B.C.*, Slip Opinion No. 2014-Ohio-4558, ¶ 25. Parents must have the ability to know the facts underlying the motion for permanent custody so they can provide a defense. *In re C.F.*, 8th Dist. Cuyahoga No. 80371, 2002-Ohio-4286.

{¶ 21} In the case before us, the CASA's motion, filed prior to adjudication, requested permanent custody and contained notice that permanent custody divests parents of their parental rights and the parents have a right to counsel and to have counsel appointed if they are indigent. Therefore, appellant was aware, prior to adjudication, that permanent custody was being sought in this case, the effect of such a disposition, and her rights to counsel. Appellant was appointed counsel in this case who represented her interest throughout the proceedings. The agency's motion also included the required parental notices, along with a more detailed explanation regarding the effect of granting permanent custody, and an explanation that if permanent custody was granted, the agency would be seeking an adoptive placement for the children.

{¶ 22} It is clear from our review of the record that appellant was given notice that permanent custody was being sought as a dispositional order and that she had a complete and meaningful opportunity to contest the dispositional request. The record reflects that several hearings were held throughout the course of the case after the request for permanent

custody, including two pretrial hearings. In response to appellant's motion to dismiss at the start of the dispositional hearing, counsel for the agency stated, "certainly everyone's on notice that we're here for permanent custody today[.]" Counsel continued by explaining that the parties were aware of the request, based on the two motions that were filed and because the parties had two pretrial hearings on the dispositional requests.

{¶ 23} In addition, appellant has not made any argument, either at the start of the hearing, or on appeal, that she was prejudiced by the court's decision to proceed on the issue of permanent custody at the dispositional hearing. Appellant was aware that permanent custody was being sought at the hearing and was represented by counsel throughout the proceedings. In addition, although the hearing began on March 26, 2014, it was continued on April 11, 2014, and concluded on May 28, 2014, giving appellant additional time to defend against the request. Appellant had the opportunity to cross-examine the witnesses and she presented witnesses on her own behalf.

{¶ 24} Accordingly because appellant had notice of the request for permanent custody, was given the required statutory notices and had a meaningful and complete opportunity to defend against the request for permanent custody, we find no merit to her assignment of error.

{¶ 25} Judgment affirmed.

HENDRICKSON and PIPER, JJ., concur.